**Mohammed ALMESALLMY**

v.

**John LAPINSKI.**

**No. 2005–182–Appeal.**

Supreme Court of Rhode Island.

Oct. 29, 2009.

Mohammed Almesallmy.

John Lapinski.

## O R D E R

The plaintiff, Mohammed Almesallmy, appeals *pro se* from a Superior Court judgment in favor of the defendant, John Lapinski. The judgment denied Almesallmy's breach-of-contract claim arising from a dispute over car repairs and granted Lapinski's counterclaim in the amount of $757.07. This case came before the Supreme Court for oral argument on October 6, 2009, pursuant to the Court's order that the parties show cause why the issues raised in this appeal should not summarily be decided without further briefing or argument.[1] After considering the record and the memorandum submitted by Almesallmy, we are of the opinion that cause has not been shown and that the case should be decided at this time. For the reasons set forth below, we affirm the judgment of the Superior Court.

On January 9, 2003, Almesallmy requested that Lapinski install a starter in his car. Lapinski, a mechanic with twenty-seven years experience, examined the car and identified numerous problems, including a starter that did not work. La-

---

**1.** Neither party appeared at oral argument. Consequently, the case was decided after a review of the record and the written statement submitted by Almesallmy.

pinski agreed to install a new starter for $200. Then, in a series of conversations between the parties, Almesallmy changed his mind and asked Lapinski to remove the new starter and then reinstall the new starter four times. Eventually, Lapinski completed the job and Almesallmy paid him with a $200 check. However, on January 15, 2003, Almesallmy called his bank and requested a stop-payment order on his $200 check to Lapinski. Almesallmy said he ordered the stop payment because, after having his car examined by a dealership, he was told that the starter was not properly installed. As a result of Almesallmy's stop-payment order, Lapinski incurred overdraft fees on his bank account and never received the $200 payment for his work.

On November 23, 2004, a trial was held in the Superior Court.[2] The Superior Court trial justice denied plaintiff Almesallmy's breach-of-contract claim, granted defendant Lapinski's breach-of-contract counterclaim and his counterclaim under G.L. 1956 § 6–42–3,[3] and awarded Lapinski a judgment of $655, plus prejudgment and postjudgment interest, totaling $757.07. The trial justice found very few inconsistencies between Almesallmy's and Lapinski's testimony. He found that a contract existed and that Lapinski never breached the contract because he repeatedly attempted to do whatever Almesallmy asked of him. On the other hand, the trial justice found that Almesallmy breached the contract when he stopped

payment on his $200 check to Lapinski without justifiable cause. The trial justice agreed with Lapinski that § 6–42–3(a) applied, that Almesallmy had violated this provision, and that as a result Lapinski was entitled to damages under § 6–42–3(b) of three times the value of the check, plus a $25 collection fee. In addition, the trial justice awarded Lapinski $55 in damages for bank fees and prejudgment and postjudgment interest.

On appeal, Almesallmy argues that he paid Lapinski $200 in good faith and Lapinski breached his contractual obligations by installing a "bad" starter. At the onset, we observe that by filing a small-claims action in District Court, Almesallmy waived his right to appeal any adverse judgment on his breach-of-contract claim. See G.L. 1956 § 10–16–1; Rule 7.00 of the District Court Rules of Small Claims Procedure (stating that "[p]laintiff waives the right of appeal from any adverse decision rendered in a small claim"). This Court will, however, consider Almesallmy's appeal of the trial justice's judgment for $757.07 on Lapinski's counterclaims because Almesallmy was a defendant on those claims. See Rule 7.00.

We review the trial justice's decision in a nonjury civil trial with deference. "The findings of fact by a trial justice sitting without a jury are entitled to great weight and shall not be disturbed on appeal unless the record shows that the findings are clearly wrong or unless the trial justice

2. Almesallmy initially filed a small-claims suit in District Court, seeking $398.52 in damages from defendant John Lapinski. A trial was held on September 8, 2003. The District Court judge denied Almesallmy's claim, granted defendant Lapinski's counterclaim, and entered a judgment against Almesallmy for $702. Almesallmy appealed the judgment against him to the Superior Court.

3. General Laws 1956 § 6–42–3(a) provides that "[i]f a check, draft, or other instrument has not been paid within thirty (30) days after the holder has sent a notice of dishonor to the maker or drawer of a check, draft, or other instrument that has been dishonored" the holder may seek relief in District Court or in a small-claims proceeding. Section 6–42–4 provides that the drawer of a check is not liable under § 6–42–3(a) if the stop payment order is justified.

overlooked or misconceived material evidence on a controlling issue." *Carpenter v. Hanslin*, 900 A.2d 1136, 1141 (R.I.2006) (quoting *Burke–Tarr Co. v. Ferland Corp.*, 724 A.2d 1014, 1018 (R.I.1999)). This Court will not disturb a trial justice's credibility determinations unless they are clearly wrong. *Id.*

After review of the record and Almesallmy's Sup.Ct.R. 12A statement, we conclude that the trial justice's findings of fact are not clearly wrong nor did he overlook material evidence about whether Almesallmy and Lapinski entered a contract and whether Almesallmy breached it. *See Carpenter*, 900 A.2d at 1141. We likewise determine that the trial justice did not overlook material evidence in ruling that Lapinski was entitled to a judgment under § 6–42–3 because Almesallmy dishonored his $200 check without a justifiable reason.

## Conclusion

We affirm the judgment of the Superior Court, to which we remand the papers in this case.